UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

                Petitioner,

    v.

PAUL SHERFEY,

                Respondent.

CASE NO. C18-1713 MJP-BAT

**REPORT AND RECOMMENDATION**

The Court recommends this untimely petition for writ of habeas corpus be dismissed with prejudice. Petitioner Allah is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. Petitioner submitted a pleading entitled "Petition for A Writ of Habeas Corpus by Order of the Emancipation Proclamation January 1, 1863." Dkt. 1. Petitioner challenges his criminal convictions in King County Superior Court Case Numbers, 99-1-06987-7 SEA, 01-1-10807-3 SEA, 02-1-02047-6 SEA, and 01-1-0716-6SEA, and requests the Court order his immediate release from confinement. *Id*. at 1-2.

Petitioner is a frequent litigant in this Court who has repeatedly attempted to challenge his state court judgments. *See Allah v. State of Washington*, C02-292 JCC (challenging 01-1-10807-3SEA and 01-1-09176-6 SEA); *Allah v. Waddington,* C02-1-02067-6 (challenging 02-1-02047-6 SEA); *see also Allah v. Washington State Supreme Court*, C17-458-RSM; *Allah v.*

REPORT AND RECOMMENDATION - 1

1  *Holbrook*, C16-535-RSL; *Allah v. Robinson*, C14-1234-TSZ; *Allah v. Frakes*, C12-484-TSZ.
2  Petitioner's previous challenges have been rejected.
3      Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears
4  from the petition and attached exhibits the petitioner is not entitled to relief. The Court has
5  reviewed the habeas petition and concludes petitioner is not entitled to relief because it is barred
6  by the statute of limitations.
7      As noted above, this is not the first time the Court has addressed habeas corpus petitions
8  that petitioner has filed. Federal habeas corpus petitions filed by persons imprisoned under a
9  state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).
10 Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which
11 the judgment became final by the conclusion of direct review or the expiration of the time for
12 seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for
13 State post-conviction or other collateral review with respect to the pertinent judgment or claim is
14 pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §
15 2244(d)(2) (emphasis added).
16     This Court's records clearly establish petitioner's state convictions have been final for
17 more than one year; he has filed numerous challenges to his state convictions beginning in 2002.
18 Petitioner is not entitled to equitable tolling because there is no reason he could not have
19 presented the ground for relief he currently pleads earlier. *See Whalem/Hunt v. Early*, 233 F.3d
20 1146, 1148 (9th Cir. 2000) (en banc) (to obtain equitable tolling, extraordinary circumstances
21 beyond a petitioner's control must have prevented the petitioner from filing a federal petition on
22 time.). Accordingly, the Court recommends petitioner's federal habeas petition, and this action,
23 be dismissed as untimely under 28 U.S.C. § 2244(d).

REPORT AND RECOMMENDATION - 2

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree with the Court's determination that petitioner's habeas petition is time-barred. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **December 17, 2018.** The Clerk should note the matter as ready for the District Judge's consideration on **December 21, 2018**. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 3rd day of December, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3